

## OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 17, 1947

Hon. George H. Sheppard           Opinion No. V-205
Comptroller of Public Accounts
Austin, Texas                     Re:   State Available
                                        School Fund, ap-
                                        portionment of,
                                        effect of H.B.
                                        301, 50th Leg.,on.

Dear Sir:

        We refer to your letter of recent date acknowl-
edged by the Attorney General on May 1, 1947, wherein
you request an opinion on the following questions:

        "1.  Does House Bill 301, Acts of the Regu-
    lar Session, 50th Legislature, repeal or super-
    sede that portion of Article 2665, as amended,
    Acts Regular Session, 49th Legislature, prescrib-
    ing the method for the State Board of Education
    to use in figuring the amount of the annual per
    capita apportionment for school purposes?

        "2.  In the event your answer to question
    No. 1 is yes, does the State Board of Education
    have the authority under Paragraph 1 of Article
    2665 to set the per capita apportionment at $55
    as fixed by House Bill 301, Acts Regular Sess-
    ion, 50th Legislature, and is it required to so
    fix the per capita at $55 and certify said ap-
    portionment to the various school districts of
    the State as prescribed in Paragraph 1 of Arti-
    cle 2665?"

        Acts 1947, 50th Leg., R. S., H. B. 301, ex-
cept for its title and emergency clause, reads as fol-
lows:

        "Section 1.  Amend Article XX of House Bill
    No. 8, Chapter 184, Acts of the Regular Session
    of the Forty-seventh Legislature, as amended, by
    adding thereto a new subsection to be numbered
    (4-a) to read as follows:

"'(4-a)  After the above allocations and payments have been made from such Clearance Fund, beginning with the fiscal year September 1, 1947, and annually thereafter, there is hereby appropriated, allocated, transferred, and credited to the Available State School Fund such a sum which when taken together with the total of all other statutory and constitutional amounts to accrue to the Available School Fund will equal to such a total as may be needed to pay a Fifty-five Dollar ($55) per capita apportionment for each and every scholastic on the State-approved school census for each year; and the Comptroller is hereby authorized to determine the amount to be transferred from the Clearance Fund to the Available School Fund under the provision of this Act by taking into account his estimate of such other constitutional and statutory amounts to accrue to the Available School Fund as made at the beginning of each fiscal year.  Thereafter the Comptroller shall allocate, transfer, and credit monthly in equal monthly installments from the Clearance Fund to the Available State School Fund such amount as so determined.  The Comptroller is hereby authorized to modify from time to time during the fiscal year his estimates of the revenue to accrue to the State Available School Fund in any one year, and shall in the light of the revised estimate or estimates increase, diminish, or suspend any remaining monthly payment or payments from the Clearance Fund to the Available School Fund, provided by the close of each fiscal year there shall have been paid from the Clearance Fund to the Available School Fund such an amount as may be needed to enable the Available State School Fund to pay said Fifty-five Dollar ($55) per capita apportionment annually in full.'

"Sec. 2.  Any law or parts of laws in conflict with the provisions of this Act are repealed to the extent of such conflict.  If any clause, sentence, paragraph, or section of this Act is declared invalid or unconstitutional by any Court of competent jurisdiction, the remainder of this Act shall nevertheless remain in full force and effect."

Paragraph 1 of Art. 2665, V.C.S., as amended by Acts 1945, 49th Legislature, Ch.52, reads as follows:

"The State Board of Education shall, on or before the first day of August in each year, based on the estimate theretofore furnished said Board by the Comptroller, make an apportionment for the ensuing scholastic year of the available State School Funds among the several counties of the State and the several cities and towns and school districts constituting separate school organizations, according to the scholastic population of each, and thereupon the Secretary shall certify to the treasurer of each such separate school organization the total amount of available school funds so apportioned to each, which certificate shall be signed by the president and countersigned by the Comptroller and attested by the Secretary."

Paragraphs 2 and 3 of Article 2665 provide a formula to be used by the State Board of Education whereby it shall estimate or determine the per capita apportionment needed to maintain the public school for a period not less than six months. In accordance with Article 7043, V.C.S., as amended by Acts 1945,49th Leg.,Ch.53, the Automatic Tax Board in arriving at a tax rate that shall be fixed for school purposes is required to set the rate so that it will yield the amount per student that has been previously fixed by the Board of Education, provided the rate so fixed for any year shall not exceed the rate fixed by law.

Thus, under the provisions of Articles 2665 and 7043, as amended, it was the duty of the State Board of Education to determine the amount of the Available School Fund to be apportioned in accordance with a fixed formula, and the duty of the Automatic Tax Board to set a tax rate that would yield the per capita apportionment for each and every scholastic as estimated or determined by the State Board of Education.

Under the specific provisions of H. B. 301, the Legislature has provided for an appropriation to the Available State School Fund of a sum which when taken together with the total of all other statutory or constitutional amounts to accrue to the Available Fund will equal to such a total as may be needed to pay $55 per capita apportionment for each and every scholastic on the State-approved school census for each year. H.B. 301 further provides that by the close of each fiscal year there shall have been paid to the State Available School

Fund an amount as may be needed to enable the Available School Fund to pay $55 per capita apportionment annually in full.

Thus, the Legislature itself has fixed the per capita apportionment to be paid for each and every scholastic at $55.00 and has thereby relieved the State Board of Education of its previous duty under Article 2665, as amended, to determine or estimate what the per capita apportionment should be. Furthermore, perforce the provisions of H.B. 301, the Automatic Tax Board must now look to the sum fixed by the Legislature ($55 per capita) and to the Comptroller for the information needed in its determination of a tax rate that shall be fixed for State Available School Fund purposes. (See Opinion No.V-204 for details of procedure to be followed).

Clearly, paragraphs 2 and 3 of Article 2665, as amended, and that portion of Article 7043, as amended, which requires the Automatic Tax Board to set the Available School Fund at the amount estimated or determined as needed by the State Board of Education in accordance with the formula set out in Article 2665, as amended, is in direct conflict with H. B. 301 wherein the Legislature has fixed the per capita apportionment of $55, and has required the same shall be paid out of the Available School Fund annually in full.

H. B. No. 301 constituting the latest expression of the Legislature on the subject and expressly providing in Section 2 thereof for the repeal of all parts of laws in conflict therewith, it follows that Articles 2665 and 7043, as amended, to the extent they conflict with H. B. 301, are repealed thereby.

Our answer to your first question is, therefore, in the affirmative.

The effect of our answer to your first question is to hold that paragraphs 2 and 3 of Article 2665, as amended, are repealed by H. B. 301, being in conflict therewith. Paragraph 1 of Article 2665, as amended, is not repealed thereby. Paragraph 1 thereof should be considered as being in full force and effect authorizing the State Board of Education to determine or treat the per capita apportionment at $55 as fixed by the Legislature in H.B. 301 and to certify said apportionment to the various school districts of Texas in accordance with the requirements of paragraph 1 of Article 2665, as

amended. In other words, Article 2665 as modified by the provisions of H.B.301 contains no formula in making the annual appropriation of the Available School Fund and said apportionment must be based on the per capita apportionment fixed by the Legislature in said Bill.

The complete procedure for the State Comptroller and Automatic Tax Board to follow in making estimates and setting the ad valorem tax rate for school purposes is contained in an opinion to Governor Beauford Jester of even date, V-204, copy of which is attached hereto for your information.

### SUMMARY

Paragraphs 2 and 3 of Article 2665, V.C.S., as amended by the 49th Leg., and Art. 7043, V.C.S., as amended by the 49th Leg., to the extent of conflict with H. B. No. 301, Acts 1947, 50th Leg., are repealed thereby. Paragraph 1 of Art. 2665, V.C.S., remains in full force and effect and authorizes the State Board of Education to set the per capita apportionment at $55 as fixed by the Legislature in H. B. No. 301, Acts 1947, 50th Leg., and to certify said apportionment to the various school districts of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED MAY 19, 1947

*Price Daniel*
ATTORNEY GENERAL

CEO:jrb